# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50344 | **DATE** | 2/7/2003 |
| **CASE TITLE** | | Yianibas vs. United States of America | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Plaintiff's Motion to Strike is denied. However, Plaintiff is allowed to depose Dr. Lesch a second time and Defendant is ordered to pay all reasonable costs associated with bringing Dr. Lesch's deposition. The Plaintiff has discretion on how to perform the deposition, whether by phone or in person. The Magistrate Judge orders Dr. Lesch's deposition be scheduled within a reasonable time. Plaintiff will be given three weeks after the deposition to amend its 26(a)(2) responses solely on issues discussed by Dr. Lesch. Defendant will be given no opportunity to depose Plaintiff's expert on any amendments.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | FEB - 7 2002 | | |
| | Docketing to mail notices. | date docketed | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2/7/2003 | | |
| | | docketing deputy initials | | |
| sp | courtroom deputy's initials | date mailed notice | | |
| | | sp7 | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | | |

Document Number

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

JANICE YIANIBAS, individually, and )
on behalf of the estate of )
PETER YIANIBAS, deceased )
            )
      Plaintiff, )    **Case No. 01 C 50344**
            )
      v. )    **Philip G. Reinhard**
            )    **P. Michael Mahoney**
UNITED STATES OF AMERICA, )
            )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Janice Yianibas ("Plaintiff"), individually, and on behalf of the estate of Peter Yianibas ("Mr. Yianibas"), her husband, filed a Motion to Exclude and Strike an Undisclosed Expert Opinion ("Plaintiff's Motion to Strike") pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. The United States of America ("Defendant" or "United States") filed its Response to Plaintiff's Motion to Exclude and Strike Undisclosed Expert Opinion ("Defendant's Response") on January 17, 2003. Plaintiff notified the Magistrate Judge on February 5, 2003 that it would not be filing a reply. For the reasons set forth below, Plaintiff's Motion to Strike is denied. The Magistrate Judge orders the following pursuant to Rules 16, 26, and 37 of the Federal Rules of Civil Procedure.

## Background

On September 26, 2001, Plaintiff filed a one count complaint pursuant to the Federal Torts Claims Act, 28 U.S.C. §2671, *et seq*, with jurisdiction based on 28 U.S.C. §1346(b), alleging Defendant breached its duty of care owed to Mr. Yianibas by failing to timely diagnose and treat his existing heart disease. (Compl. at ¶ 22). Specifically, Plaintiff alleges that on numerous occasions Mr. Yianibas went to the VA Clinic in either Rockford, Illinois or Madison, Wisconsin, complaining of chest pains. Plaintiff alleges that although Mr. Yianibas complained of chest pains, Defendant failed to diagnose and treat his heart disease. (*Id.*).

On November 2, 1999, Mr. Yianibas suffered a massive heart attack while driving his automobile. (*Id.* at ¶ 21). He was taken to the Rochelle Community Hospital where he was pronounced dead on arrival. (*Id.*). An autopsy performed on Mr. Yianibas, on November 4, 1999, allegedly revealed that Mr. Yianibas's died of a cardiac arrhythmia due to ischemic heart disease. (*Id.*).

On October 4, 2002, the discovery cut off date, the Defendant provided Plaintiff with its Federal Rules of Civil Procedure 26(a)(2) expert witness disclosure of Dr. Michael Lesch. The report consisted of Dr. Lesch's handwritten opinion that, according to prevailing standards of care, the government health care providers did not possess sufficient facts that mandated a cardiac work up of Mr. Yianibas. (Pl.'s Mot. to Strike at Ex. 1). However, the report did not include any opinion regarding whether or not Mr. Yianibas should have been given an electrocardiogram (EKG") and what, if anything, an EKG would have revealed if such test was administered.

Plaintiff's counsel, on October 21, 2002, took a one hour telephonic deposition of Dr. Lesch

during which Dr. Lesch was not questioned about his opinion regarding the probable results of an EKG. (Def.'s Resp. to Pl.'s Mot. to Strike at 1). At a settlement conference, on November 21, 2002, over a month after discovery close, the Defendant provided Plaintiff's counsel with a letter outlining its position in the case, including Dr. Lesch's belief that an EKG would have been interpreted as normal. (*Id.* at 2). Plaintiff subsequently filed the motion at issue before the Magistrate Judge.

### Discussion

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any experts they may use at trial and a summary of those experts' opinions. Fed. R. Civ. P. 26(a)(2); *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997). Specifically, as to the summary of the experts' opinions, Rule 26(a)(2)(B) requires an expert witness provide a report containing his/her opinions as well as the basis and reasons for those opinions. Fed. R. Civ. P. 26(a)(2)(B); *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996). If a party fails to comply with Rule 26, a trial court has the discretion to impose sanctions, including the exclusion of evidence. *See Walsh*, 81 F.3d at 727; *Patel v. Gayes*, 984 F.2d 214, 220-21 (7th Cir. 1993).

Before turning to the substantive arguments, the Magistrate Judge must address a procedural argument raised by Defendant. Defendant points out in its motion that Plaintiff has "overlooked" Local Rule 37.2 which requires a certification in any Rule 37 motion that the movant has, in good faith, attempted to settle the dispute without court intervention. (Def.'s Resp. at 2 n.1). Specifically, Local Rule 37.2 states:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

The Magistrate Judge agrees that, as filed, Plaintiff's motion does not comply with Local Rule 37.2. However, the court has broad discretion to determine how and when to enforce local rules. *See Waldridge v. American Hoescst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). If the Magistrate Judge were to deny the motion based on Rule 37.2 then the parties would be required to consult and the Plaintiff would have to re-file its motion with a certification of good faith. The Magistrate Judge believes that would be a waste of time. Nevertheless, the Magistrate Judge notes that if Plaintiff's motion were to have included a certification that the parties attempted a good faith consultation before asking for court intervention, the Defendant would be subject to sanctions, namely the reasonable costs associated with bringing the motion. However, because Plaintiff did not comply with Local Rule 37.2, and because it appears, based upon statements in Defendant's Response, that had Plaintiff complied, court intervention may have been unnecessary, the Magistrate Judge will not order Defendant to pay the reasonable costs associated with bringing this motion. The Magistrate Judge now looks to the substantive arguments.

The Plaintiff argues that the new "expert opinion" on behalf of the Defendant was not disclosed to the Plaintiff until November 21, 2002, a month after discovery closed, and if allowed,

Plaintiff will be prejudiced. (Pl.'s Mot. to Strike at 3). Additionally, Plaintiff argues Defendant's omission was not harmless in that Plaintiff has lost her opportunity to rebut the opinion of Dr. Lesch because it came out after discovery closed. (*Id.* at 4). Because of the prejudice and because the omission was not harmless, the Plaintiff asks the Magistrate Judge to prohibit the Defendant from offering the "new" expert opinion regarding the EKG and exclude and strike any opinion and all evidence relating to it from the trial of this action. (*Id.*at 3).

Defendant argues Plaintiff has not been prejudiced because Plaintiff can nevertheless depose Dr. Lesch again about his "new opinion." (Def.'s Resp. at 2). Defendant even states that it will "pay the costs of another telephonic deposition [of Dr. Lesch] which would probably last ten minutes to clear up this issue." (*Id.* at 3).

The disclosure by the United States is inadequate and the Magistrate Judge has given serious consideration to allowing the motion in total. However, this court has always believed that decisions wherever possible should be made on the merits of the case. Fact finders who have all the relevant information make better decisions. Unlike the situation in *Mikis*, where the expert disclosure occurred three days before trial, no trial date has been set for this case. 106 F.3d at 760. However, the parties recently filed their final pre-trial order so this case is entering the final stages before trial and thus this issue needs to be resolved quickly. Therefore, the Magistrate Judge reluctantly accepts Defendant's resolution of this issue although not verbatim. The Plaintiff is allowed to depose Dr. Lesch again within a reasonable time and Defendant is ordered to pay all reasonable costs associated with bringing the deposition. Although Dr. Lesch's last deposition occurred by telephone, Plaintiff has the option as to how to perform Dr. Lesch's next deposition, whether telephonically or in person. Plaintiff will be given three weeks after the deposition to amend its 26(a)(2) responses solely on issues discussed by Dr. Lesch. Defendant will be given no opportunity to depose Plaintiff's expert on any amendments.

## Conclusion

For the above stated reasons, Plaintiff's Motion to Strike is denied. However, Plaintiff is allowed to depose Dr. Lesch a second time and Defendant is ordered to pay all reasonable costs associated with bringing Dr. Lesch's deposition. The Plaintiff has discretion on how to perform the deposition, whether by phone or in person. The Magistrate Judge orders Dr. Lesch's deposition be scheduled within a reasonable time. Plaintiff will be given three weeks after the deposition to amend its 26(a)(2) responses solely on issues discussed by Dr. Lesch. Defendant will be given no opportunity to depose Plaintiff's expert on any amendments.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/7/03